Gass, *v.* The State, on the Relation of Clark.

———•———

## Gass, *v.* The State, on the Relation of Clark.

INFORMATION.—*Court of Common Pleas.*—*Jurisdiction.*—The court of common pleas has jurisdiction of an information in the nature of a *quo warranto* for usurping an office, filed in said court upon the relation of one claiming an interest in the office.

SAME.—*Officer of City.*—*Contesting Election of.*—The proper mode of attacking the validity of the election of a city officer is by information, there being no provision of law for contesting the election of such an officer.

ELECTION.—*Mode of Conducting.*—*Directory Statutes.*—Statutes regulating the mere mode of conducting elections are directory, and any departure from the prescribed mode will not vitiate an election, if the irregularity does not deprive any legal voter of his vote, or admit a disqualified voter to vote, or cast uncertainty on the result, and has not been occasioned by the agency of a party seeking to derive a benefit from it.

SAME.—*Statute Construed.*—The reason and spirit of the statutory provision on the subject of contesting elections (1 G. & H. 318, sec. 15), that "no irregularity or malconduct of any member or officer of a board of judges or canvassers shall set aside the election of any person, unless such irregularity or malconduct were such as to cause the contestee to be declared elected when he had not received the highest number of legal votes," are applicable to an election to a city office as well as to a state, county, or township office; and said provision announces a principle of law which prevails independently of the statute.

APPEAL from the Fountain Common Pleas.

WORDEN, J.—This was an information in the nature of a *quo warranto,* filed by the State, upon the relation of Clark, against the appellant Gass, charging that the appellant had usurped the office of Mayor of the city of Attica in said county, and alleging that the relator was entitled thereto. Issues were formed, and the cause was tried by the court, upon an agreed statement of the evidence, and the court found and adjudged that neither Clark nor Gass was entitled to the office, but that the same was vacant, and that each party pay the costs by him made.

Some questions are made upon the pleadings, but it is not important that they should be decided, inasmuch as the finding of the court will have to be reversed, and a finding for the defendant directed, on the agreed statement. A question, however, is made as to the jurisdiction of the court of common pleas in informations of this character, as by the act regulating the same they are only authorized to be filed in the circuit court. 2 G. & H. 323, sec. 750. A later statute, defining and enlarging the jurisdiction of the court of common pleas, extends its jurisdiction to cases of this sort, as we think. 2. G. & H. 22. Again, it is claimed that as the case involves the validity of an election, the remedy of the relator was by contesting the election, and not by a resort to an information. This point would be entitled to greater consideration, if there were any provisions of law for contesting the election of a city officer; but we are not aware of any such provision, and therefore think it clear that the proper remedy was resorted to. We come now to the case as shown

by the agreed statement of the evidence. Attica is a city incorporated under the general law of the State for the incorporation of cities, and is divided into three wards, numbered one, two, and three.

On the 4th of May, 1869, an election was held in said city for mayor (the office being then to be filled by an election), and the relator and the defendant were the only candidates for the office. In the first ward the relator received a majority of two votes, and in the third ward a majority of four votes; over his competitor Gass, and in the second ward Gass received a majority of twenty-five votes over Clark, all of which was properly shown, and the board of canvassers declared the defendant elected by a majority of nineteen, and issued to him a certificate of election; and he filed his bond, took the oath of office, and entered upon the discharge of his duties; that for the purposes of said election, the common council of the city had by resolution appointed one inspector and two judges in each of said wards, who qualified as the board of election for the respective wards; that in the second ward the board of judges appointed one of their own number as clerk at said poll; that after the poll was opened, and after a portion of the electors had cast their ballots, and before the balloting was completed or the result thereof publicly announced, the board took a recess and adjournment, and separated, all of them going away from the place of holding the election in said ward, taking away with them the ballot-box that contained the ballots cast at said election up to that time; that they all remained away for the space at least one hour, viz., from twelve to one o'clock.

In the first ward, the board of judges appointed one of their own number as clerk, and he was the only clerk at said poll. This board remained in session until the vote had been counted and the result publicly announced.

In the third ward, the board of judges appointed one of their own number as clerk, who was the only clerk at said poll. This board adjourned at noon, after ballots had been cast, in like manner as the board in the second ward, but

they locked up the room in which they were holding the election, leaving the ballot-box therein.

These are the facts agreed upon, slightly condensed, but stated with sufficient fulness to present the entire merits of the cause.

It will be seen that Clark had a majority of only six votes in the first and third wards, and that in the second ward, where Gass had a majority of twenty-five votes, no irregularity whatever is shown except the appointment by the board of one of their number as clerk, and the adjournment at noon as above stated, taking with them the ballot-box. It does not appear that there was any fraud whatever practiced, that any illegal votes were polled, that any legal voter was prevented from voting; nor is there anything to indicate that Gass did not receive a majority of nineteen of the legal votes cast. The law requires, however, that there shall be two clerks appointed, one from each political party; (3 Ind. Stat. 237, sec. 7) and these we think should be other than the inspector and judges. It also requires that there shall be no adjournment or recess until all the votes shall been counted out and the result publicly announced. 3 Ind. Stat. 234, sec. 18.

The question arises whether such a departure from the statute as is shown in this case will render the election void or otherwise. This depends upon the question whether these statutes shall be construed as imperative or directory merely.

To determine this question, we must not lose sight of another statutory provision, on the subject of contesting elections, as follows: "No irregularity or malconduct of any member or officer of a board of judges or canvassers, shall set aside the election of any person, unless such irregularity or malconduct was such as to cause the contestee to be declared elected when he had not received the highest number of legal votes," &c. 1 G. & H. 318, sec. 15.

We do not find this section repealed by any later law on the subject of elections or otherwise, either expressly or by any necessary implication, and we regard it as in full force.

While it may not, in terms, be applicable to the case under consideration, because this is not a case of the contest of an office provided for in the act, yet its reason and spirit are as applicable to a city as to a state, county, or township office. There is no good reason why one rule should be applied to a state, county, or township office, and another and very different rule to a city office. This statutory provision, however, need not be solely relied upon, as we think it announces a principle of law that would prevail independently of the statute.

It is settled by authority, that statutes regulating the mere mode of conducting elections are directory, and that any departure from the prescribed mode will not vitiate an election, if the irregularity does not deprive any legal voter of his vote, or admit a disqualified voter to vote, or cast uncertainty on the result, and has not been occasioned by the agency of a party seeking to derive a benefit from it. Cooley Const. Lim. 617–8, and authorities there cited. We are of opinion that whether we apply the statute above quoted on the subject of contesting elections or the general principles of law to this case, the election of Gass was valid and not rendered void by the departures from the statute above indicated in conducting the election.

The judgment below is reversed, with costs, and the court below directed to proceed in the cause in accordance with this opinion.

*M. M. Milford,* for appellant.

*T. F. Davidson, J. Buchanan,* and *A. A. Rice,* for appellee.