## STANLEY v. MANLY.

ELECTION.—*Distinguishing Mark on Ballot.*—The words "Republican ticket," printed at the head of a ballot, and on the same side that the names of candidates are printed upon, is not such a distinguishing mark or embellishment as to require the inspector of an election to refuse the ballot when offered.

APPEAL from the Cass Circuit Court.

PETTIT, J.—This was a contested election for the office of Sheriff of Cass county, commenced before the board of commissioners, where the contestee, appellee here, was successful; and on appeal to the circuit court, on his motion, the cause was dismissed for want of a sufficient complaint or statement of facts. In 1867, the General Assembly enacted as follows: "That all ballots which may be cast at any election hereafter held in this State shall be written or printed on plain white paper, without any distinguishing marks or other embellishment thereon except the name of the candidates and the office for which they are voted for, and inspectors of elections shall refuse all ballots offered of any other description: *Provided,* Nothing herein shall disqualify the voter from writing his own name on the back thereof."

At the October election, in 1870, there were ballots voted

for the contestee, with the words "Republican Ticket" printed at the head, and on the same side that the names of the candidates were printed. The only question before us is, was this such a distinguishing mark or embellishment as to require the inspectors to refuse the ballots when offered? In *Druliner* v. *The State*, 29 Ind. 308, this question was directly before this court, and was answered in the negative; and we fully concur in the decision of the court. See, also, *Gass* v. *The State, ex rel. Clarke*, 34 Ind. 425.

The judgment is affirmed, at the costs of the appellant.

*D. Turpie* and *D. P. Baldwin*, for appellant.

*D. B. McConnell, H. C. Thornton, S. T. McConnell*, and *M. Winfield*, for appellee.