THE STATE, EX REL. FORD, *v.* THE KANKAKEE VALLEY
DRAINING COMPANY.

JURISDICTION.—*Court of Common Pleas.*—*Quo Warranto.*—The court of common pleas had jurisdiction to hear and determine an action in the nature of a *quo warranto*, and the information in such case might be filed by the district attorney.

APPEAL from the La Porte Common Pleas.

WORDEN, J.—This was an information brought by the appellant against the appellee, in the nature of a *quo warranto*, the object of which was to obtain a judgment declaring the corporate existence of the defendant dissolved, etc. Demurrers were filed to the information, but these, before being passed upon, were withdrawn, and on motion of the defendant the action was dismissed, apparently on the ground either that the court had not jurisdiction of the subject of the action, or that it could not be brought upon the relation of the district attorney of the common pleas district. The appellant excepted.

As the statute on the subject of information originally stood, it was, perhaps, contemplated that proceedings should be had under it in the circuit court only, and hence it was provided, that the information might be filed by the prosecuting attorney in the circuit court of the proper county, upon his own relation, whenever he should deem it his duty to do so, or when he should be directed by the court or other competent authority to do so. 2 G. & H. 323, sec. 750. But in the case of *Gass* v. *The State, ex rel. Clark*, 34 Ind. 425, it was held that a later statute, 2 G. & H. 22, extended the jurisdiction of the court of common pleas to cases of this description. There is another case, that of *Yonkey* v. *The State, etc.*, 27 Ind. 236, which was overlooked at the time the case in 34 Ind. was decided, that clearly sustains the jurisdiction of the common pleas. The case originated in the common pleas, but was reversed in this court and remanded for a new trial. The question of jurisdiction does

not seem to have been made, although the case was closely contested; but this court must have been of opinion that the common pleas had jurisdiction, otherwise the cause would not have been remanded to that court for a new trial therein.

The court of common pleas having jurisdiction, we think it necessarily follows that the information may be filed in that court by the district attorney, in the same manner as it might be filed by the prosecuting attorney in the circuit court. It is the duty of the prosecuting attorney to prosecute the pleas of the State in the circuit courts of his circuit, and of the district attorney to prosecute the pleas of the State in the courts of common pleas of his district. 2 G. & H. 431, sec. 1.

We have not examined any question as to the sufficiency of the facts stated in the information, as no such question arises on the motion to dismiss.

We are of opinion that the court erred in dismissing the action.

The judgment below dismissing the action is reversed, with costs, and the cause remanded for further proceedings.

OSBORN, C. J., did not participate in the decision of this cause.

*W. H. Calkins,* for appellant.