## MUSTARD ET AL. *v.* HOPPESS ET AL.

RAILROAD.—*Appropriation to.— Complaint to Enjoin Tax.—Specifications of Objection United in One Paragraph.—Motion to Separate —Practice.*—In an action to enjoin the collection of a tax levied as an appropriation to a railroad company, the complaint may set out the proceedings resulting in the levying of such tax, and then, in the same paragraph, state separately each cause of objection to the tax. And then the defendant may demur or plead to each specification of objections, as to separate paragraphs of complaint. Consequently, his motion to cause the complaint to be separated into as many paragraphs as there are such specifications should be overruled.

SAME.—*Answer.—Identity of Notice of Election.*—In such action, the answer set out a copy of a notice of said election, and alleged that legal notice had been duly given by publication and posting. It also set out a copy of the county auditor's certificate that publication had been made, and that he had delivered ten copies of such notice to the sheriff for posting. It also set out the sheriff's return that he had posted such notices at ten public places in the township, three weeks prior to the election.

*Held,* on demurrer, that such certificate and return sufficiently identify the notice.

SAME.—*Election by Townships —Board of Canvassers, Who Constitute.—Irregularity.*—An election having been held in each of several townships, having only one voting precinct, as to a proposed appropriation to the same railroad, the inspectors of each township afterward met jointly with the auditor and canvassed the vote of each township.

*Held,* that, under section 8 of the act of May 12th, 1869, 1 R. S. 1876, p. 736. the inspector and judges of each township, or some two of them, acting only for their own township, were necessary to constitute the legal board of canvassers of the vote thereof.

*Held,* also, that the fact that the inspectors of the elections held in the other townships aided in canvassing the vote of any such township neither aided nor invalidated such canvass, and that such canvass stood simply as one made by the proper inspector, aided by the county auditor as his clerk.

*Held,* also, that neither the election nor the tax voted and levied were invalidated by such irregular canvass.

Mustard *et al. v.* Hoppess *et al.*

SAME.—*Order for Levy.*—*Uncertainty*—An order by the county commissioners, directing the county auditor to levy "one-half" of the amount voted, but not specifying what *per cent.* of a levy should be made, is valid. BIDDLE, J., dissented.

From the Henry Circuit Court.

*C. Cowgill, H. B. Shiveley, C. E. Cowgill, C. Baker, T. A. Hendricks, O. B. Hord* and *A. W. Hendricks,* for appellants.

*J. A. Harrison, J. W. Sansberry, M. A. Chipman* and *H. C. Ryan,* for appellees.

WORDEN, J.—This was an action by the appellees, taxpayers of Anderson township, in Madison county, against the appellants, the treasurer and auditor of that county, to enjoin the collection of a tax levied on the taxable property of that township by the board of commissioners of the county, to aid in the construction of the Cincinnati, Wabash and Michigan Railroad. The action was commenced in Madison county, but the venue was changed to Henry.

The complaint set out at length the various proceedings under which the tax was levied, and then proceeded to state twenty-five distinct and specific grounds or reasons why it was alleged that the tax was illegal and void.

The defendants at the proper time moved the court, in writing, " to require the plaintiffs to paragraph their complaint in this cause, and, as the grounds of said motion, state and show to the court that said complaint consists of but a single paragraph, and in that single paragraph are embodied twenty-five specifications of reasons why the tax mentioned in the complaint, and sought to be enjoined in this action, is illegal and void ; and, unless said said specifications of reasons are set forth in separate paragraphs, the defendants can not test the sufficiency of each specification in law, by demurring thereto, but will be compelled to either demur or plead to the whole paragraph, including all the specifications."

The motion was overruled, and the defendants excepted.

The defendants filed an answer of two paragraphs, the first of which was withdrawn, and a demurrer for want of sufficient facts was sustained to the second, and exception. Final judgment for the plaintiffs, perpetually enjoining the collection of the tax.

Error is assigned upon these rulings.

We may observe, in reference to the first question thus presented, that it seems to have been the common practice in cases of this and the like nature, to set forth, in one paragraph of complaint, the levying of the tax, and then to proceed, as was done in this case, to state separately the several grounds, where there were several, on which it was claimed that the assessment of the tax was illegal and void.

This practice has the merit of convenience, and economy of time and expense, as it saves the repetition of the whole statement of the levying of the tax with each specification of objections to it. And, unless the practice deprives the defendants of some legal right which they would otherwise have, it should not, in our opinion, be overturned. It seems to us, in analogy to the practice in kindred cases to be soon noticed, the defendants would have the right to either plead or demur to each of the specifications, in the same manner as if each had been contained in a separate paragraph of complaint. Thus, in actions for slander, where there are different sets of words charged in one paragraph of complaint, the defendant may plead or demur to each set of words. Also, in actions upon bonds, where there are several breaches assigned in one paragraph of complaint, the defendant may plead or demur to each breach assigned. Buskirk Prac. 180, and cases there cited.

We are therefore of the opinion that the court did not err in overruling the defendants' motion.

We proceed to the main questions involved in the case. Certain matters were evolved by the complaint and answer, which may be stated without setting out the pleadings, and which, it is claimed by the appellees, rendered the assessment void.

It appears by the pleadings, that, on the 11th day of March, 1874, the petition was filed before the board of commissioners, asking that the township make an appropriation of twenty-eight thousand dollars to aid in the construction of the road, and that the commissioners took. the same under advisement, and ordered that an election be held on the 2d day of May, 1874, for the purpose of taking a vote on the subject, and the auditor was directed to give notice of the holding of such election.

It is claimed by the appellees, as we understand the brief of counsel, that it does not appear that the proper notice was given. In the brief, it is said, in speaking of the answer: "It sets out no copy of any handbills that were posted in said Anderson township, and there is none in the record of the board of commissioners." There does not seem to us to be any force in this objection. The answer avers " that said auditor of said Madison county did, on the 3d day of April, .1874, cause a notice to be published in the Anderson Herald, and also in the Anderson Democrat, two weekly newspapers of general circulation in said county, and caused the same to be continued therein for four weeks successively, and also caused a like notice to be given by posting printed handbills in ten public places in said Anderson township, more than three weeks preceding the day fixed for said election, which handbills were so posted by Albert J. Ross, then the sheriff of said county. And defendants aver that said notices published in said newspapers, and that the notices in printed hand-

bills posted in ten public places in said township, were in the words and figures following, to wit:

" ' RAILROAD ELECTION.

" 'Anderson Township.

" ' Notice is hereby given to the qualified voters of Anderson Township, Madison County, Indiana, that the polls will be opened at the usual place of voting in said township, on Saturday, the 2d day of May, 1874, to take the votes of the legal voters thereof, upon the subject of said township appropriating the sum of twenty-eight thousand dollars to aid in the construction of the Cincinnati, Wabash and Michigan Railroad, in and through Anderson Township, Madison County, Indiana. By order of the Board of Commissioners of Madison County.

( Signed,)         " 'GEORGE NICHOL,

" 'Auditor of Madison County.' "

Afterward the auditor and sheriff filed the following certificates respectively, which were entered upon the record of the board of commissioners, viz.:

" State of Indiana, Madison County, ss.

" I, George Nichol, auditor of Madison County, Indiana, do certify that the notices hereto attached have been published for four weeks successively in the Anderson Herald and Anderson Democrat, newspapers of general circulation, printed and published in Madison County, Indiana; and I further certify that I caused to be printed and delivered to Albert J. Ross, sheriff of said county of Madison, handbills, for the purpose of posting the same in ten public places in each of the townships of Anderson, Monroe, Van Buren and Boone, where an appropriation is prayed for.

" Witness my name and seal of the Board of Commissioners of Madison County, this 7th day of May, 1874.

" GEORGE NICHOL, A. M. C.

" State of Indiana, Madison County, ss.

" I, Albert J. Ross, Sheriff of Madison County, In-

diana, certify that I posted up, three weeks prior to May the 2d, 1874, printed handbills, at ten public places in each of the townships of Anderson, Monroe, Van Buren and Boone, in said county and State, which handbills were delivered to me by George Nichol, auditor of said county, calling for a vote in each of said townships, upon the question of voting an appropriation of money to aid in the construction of the Cincinnati, Wabash and Michigan Railroad in and through said townships.

" Witness my name, at Anderson, this 7th day of May, 1874.                          ALBERT J. ROSS,
" Sheriff of Madison County."

The answer sets out a copy of the notice published in the newspapers and by handbill, and the certificate of the auditor shows that he delivered copies of the handbills to the sheriff, for the purpose of posting the same; and the certificate of the sheriff shows that he posted up the handbills delivered to him by the auditor; so that the handbills posted up by the sheriff are clearly enough identified. It seems to us that the 3d section of the act to authorize aid to the construction of railroads, etc., 1 R. S. 1876, p. 736, has been complied with.

A point is made by the appellees as to the organization of the board of canvassers of the election, which, it seems to us, is the most important point in the case, and the one, it is said in one of the briefs, upon which the court below held the assessment of the tax to be void.

It will be seen that the 8th section of the statute above cited provides that, "If there is more than one election precinct in the township asking to make such appropriation, the inspectors of each precinct, or the judge of the election to whom such certificate, poll-book and tally-sheet shall have been delivered, shall constitute a board of canvassers," etc. " If, however, such township shall have but one election precinct, then the inspector and judges

thereof, or any two of them, shall constitute the board of canvassers," etc.   Anderson township had but one election precinct.

There seems to have been an election held in four townships in Madison county, on the same day, on the subject of each of the townships making an appropriation to aid in the construction of the same road through the several townships; and the inspectors of the several townships organized themselves into a board of canvassers, and proceeded as is shown in the following entry in the record of the board of commissioners:

" State of Indiana, Madison County, ss.

"Be it remembered that on the 7th day of May, 1874, Samuel Myers, inspector of the election held in Anderson township, in said county and State, and Daniel M. Scott, inspector of an election held in Monroe township, in said county and State, and Alexander Ingalls, inspector of an election held in Van Buren township, in said county and State, and William D. Brunt, inspector of an election held in Boone township, in said county and State, all of said elections having been held pursuant to the order of the board of commissioners of said county, on the 2d day of May, 1874, and pursuant to notice heretofore given, for the purpose of voting upon the subject of appropriating money by the said Anderson, Monroe, Van Buren and Boone townships, to aid in the construction of the Cincinnati, Wabash and Michigan Railroad, having met at the court-house in the city of Anderson, between the hours of 10 o'clock A. M. and 6 o'clock P. M., do now proceed to perform their duties as the board of canvassers of said election. Thereupon Samuel Myers was elected by the members of said board as chairman, George Nichol, Auditor of Madison county, Indiana, acting as clerk of said board of canvassers; whereupon the said Samuel Myers, Daniel M. Scott, Alexander Ingalls and William D. Brunt produced the certificates, poll-books and tally-sheets of the election in

Anderson, Monroe, Van Buren and Boone townships, to them delivered according to law; and thereupon the board proceeded to estimate, compare and examine said certificates, poll-books and tally-papers returned by said members of said board, and to estimate the number of votes cast at said election in each of said townships, and the number of votes cast in favor of an appropriation to the said railroad company in each of said townships, and the number of votes cast against such appropriation; and, from said examination and estimate, the board of canvassers do hereby certify that, upon the question of an appropriation of money to aid in the construction of the Cincinnati, Wabash and Michigan Railroad, there were cast in Anderson township nine hundred and seventy votes, of which number six hundred and fifty-three votes were in favor of said appropriation to the said railroad company, and three hundred and thirteen votes were against such appropriation." The record then proceeds to declare the result of the vote in the other townships.

The following averments are found in the answer, which are, by the demurrer, admitted to be true, viz. :

" The defendants further allege, that on the 2d of May, 1874, pursuant to the notices so given, as hereinbefore alleged, that being the day fixed by the order of said board of commissioners, a poll was opened at the usual voting place of holding elections in said Anderson township, there being but one election precinct therein, by the proper judges and inspector of elections for said township, at which time and place an election by the legal voters of said township was duly had, to take the votes of the legal voters of said township, upon the subject of said township making an appropriation to aid in the construction of the railroad named in said petition, to the amount specified in said petition and notices, and when and where every legal voter in said township had an opportunity to vote. And defendants further allege, that a proper and lawful poll-book

and tally-sheets of said election were kept, and that the whole voting and taking and certifying the votes of said election were in the manner prescribed by law for conducting the voting and certifying the votes at general elections for State and county officers. And defendants allege, that the whole number of votes cast at said election were 970, and that, of those so cast, 653 were for the railroad appropriation, that being a majority of all the legal votes in said Anderson township at that time; and that 313 votes were cast against said appropriation. And defendants aver, that the ballots so cast as aforesaid were duly and correctly counted by the board of judges of said election, and a certificate made under their hands, stating in words the number of votes given for the appropriation to the railroad company, and the number given against said appropriation; which certificate, with one of the lists of voters and one of the tally-sheets of said election were deposited with the inspector of said election, who had been selected by said board of judges for the purpose. And defendants further allege, that, on the Thursday next succeeding the election so held as aforesaid, Samuel Myers, who was at that time the lawfully elected and qualified trustee of said Anderson township, and, by virtue of his office as such, the lawful inspector of elections therein, and who acted as the inspector of the election aforesaid, did meet as one of the board of canvassers, between the hours of 10 o'clock A. M. and 6 o'clock P. M. of said day, at the court-house in said Madison county, and he did then and there, with the auditor of said county, canvass and estimate the certificate, poll-book and tally-sheets returned by said Myers as said inspector and member of said board, and did then carefully compare and examine the papers, and sign a statement of the whole number of votes cast, and the number for the appropriation for said railroad company, and the number against said appropriation. And defendants further allege, that said statement was filed with the

auditor of said county, who recorded the same at full length in the records of the board of commissioners of said county, and carefully filed away and preserved the certificate, poll-books and tally-sheets aforesaid. And the defendants allege that there was a majority of three hundred and seventeen votes cast in favor of said appropriation."

It thus appears, that the law was complied with in all respects, as to voting and ascertaining the result of the vote, except as to the organization of the board of canvassers. The fact that the inspectors of the other townships participated in the action of the board did not aid or vitiate the proceedings in relation to Anderson township. The case stands precisely as if Myers, the inspector of Anderson township, who had been selected for that purpose, had been the only member of the board of canvassers, with the auditor as his clerk. And the question arises whether the assessment is void on the ground that the board of canvassers was composed of one member only of the election board, when the law required two. We are of the opinion that the irregularity in the constitution of the board of canvassers did not vitiate or in any manner invalidate the assessment of the tax.

We are not unmindful that it has been repeatedly and correctly held by this court, that, in order to justify the levy and collection of a tax to aid in the construction of a railroad, under the provisions of the statute above cited, its substantial requirements must have been strictly pursued. But we can not shut our eyes to the fact that in providing for the vote to be taken, and the means of ascertaining the result of that vote, the object was to ascertain the will of the majority of the voters on the subject of making the appropriation, and to carry out the will of the majority thus to be expressed. The means to be employed in ascertaining the will of the majority are merely

·conducive to the end, and when the end is reached the leading purpose has been accomplished.

And where, as was shown by the pleading to have been the case here, the correct result is reached as to the number of votes cast for and against the appropriation, the same result, indeed, as must have been reached if the board of canvassers had been full, to hold the proceedings void because of the irregularity, would be but subordinating substance to form, and sacrificing ends to means.

We see no reason why the same rule should not apply in this case as in other election cases, by which the provision in regard to the number required to constitute the board of canvassers would be regarded as directory, and not mandatory. Thus, in *Gass* v. *The State*, 34 Ind. 425, 429, it was held to be " settled by authority, that statutes regulating the mere mode of conducting elections are directory, and that any departure from the prescribed mode will not vitiate an election, if the irregularity does not deprive any legal voter of his vote, or admit a disqualified voter to vote, or cast uncertainty on the result, and has not been occasioned by the agency of a party seeking to derive a benefit from it."

In McCrary's Law of Elections, sec. 127, it is said :

" Those provisions which affect the time and place of the election, and the legal qualifications of the electors are generally of the substance of the election, while those touching the recording and return of the legal votes received, and the mode and manner of conducting the mere details of the election, are directory. *People* v. *Schermerhorn*, 19 Barb. 540. The principle is, that irregularities which do not tend to affect results, are not to defeat the will of the majority; the will of the majority is to be respected, even when irregularly expressed.

" Sec. 128. The officers of elections may be liable to punishment for a violation of the directory provisions of a statute, yet the people are not to suffer on account of the default

of their agents." Authorities are cited upon the subject, which need not be here repeated.

In *Reynolds* v. *The State*, 61 Ind. 392, 424, it was said by Howk, J., speaking for the court : " The will of the people in the selection of a public officer is not to be frustrated, and the right or title of any one to a public office to which he has been duly and legally elected is not to be defeated, by the loss or destruction of any or all of the papers or ballots pertaining to such election."

If the provision in relation to the number of the election board necessary to constitute the board of canvassers were to be held as mandatory, and not directory merely, two men would have it in their power to defeat entirely the operation of the law ; for, after an election had been held, resulting in a majority vote in favor of the appropriation, two of the three officers of the election board, by absenting themselves from the canvassing board, could defeat the appropriation.

We pass to another point. At the June session, 1874, of the board of commissioners, that body made the following order in relation to the appropriation, viz. :

" And the board now hereby orders the levy of a tax of one-half the amount of said appropriation, to wit, the sum of fourteen thousand dollars, to aid in the construction of the Cincinnati, Wabash and Michigan Railroad, as aforesaid. And the auditor of said county is hereby directed to assess the same *pro rata*, against and upon the property, both real and personal, of the several owners in said township and city, upon the tax duplicate for the year 1874, as required by law, the residue of said appropriation to be levied and assessed at the June session, 1875, of this board, in like manner."

At the June session, 1875, a similar order was made in reference to the remaining $14,000.

The amount of the appropriation was within the limits fixed by law, but it is claimed that the above orders of

the board did not amount to a levying of the tax; that the board should have specified the *per centum* to be levied on the taxable property.

We think there is no force in the objection. The orders sufficiently levied the tax. It was mere clerkship for the auditor to calculate the proper *per centum*, and place the same upon the tax duplicate. *Bittinger* v. *Bell*, 65 Ind. 445.

We are of opinion that the court below erred in sustaining the demurrer to the paragraph of answer.

The judgment below is reversed, with costs, and the cause remanded for further proceedings in accordance with this opinion.

BIDDLE, J., dissents.