## NORMAN *v.* STATE OF INDIANA, EX REL. HOTZ.

[No. 7,749. Filed November 21, 1912.]

1. HIGHWAYS.—*Road Supervisors.*—*Validity of Election.*—Section 1 of the act of 1907 (§7761 Burns 1908, Acts 1907 p. 371), which is an amendment of §92 of the act of 1905 (Acts 1905 p. 567) relating to highways and providing for the election of road supervisors, contains no provision as to the manner of holding such election or certifying the result thereof, and such elections not being controlled by the general election law, the courts have no authority to declare against the result of an election of a road supervisor held pursuant to the act of 1907, at which there was a full and fair expression of the voters, and the result was conceded to be in accordance with the will of the majority, simply because the election was not held in accordance with the Australian ballot system. pp. 427, 428.

2. ELECTIONS.—*Validity.*—*Effect of Irregularities.*—Where an election has been fairly and honestly conducted, it will not thereafter be invalidated by mere irregularities which are not shown to have affected the result. p. 427.

3. ELECTIONS.—*Laws as Mandatory or Directory.*—All provisions of the election law are mandatory if enforcement is sought before election in a direct proceeding for that purpose, but after election they should be held directory only, in support of the result, unless of a character to obstruct the free and intelligent casting of the vote, or the ascertainment of the result, or unless the provisions affect an essential element of the election, or unless it is expressly declared by the statute that the particular act is essential to the validity of an election, or that its omission shall render it void. p. 428.

From Martin Circuit Court; *Hileary Q. Houghton,* Judge.

Action by the State of Indiana on the relation of Killion Hotz against John H. Norman. From a judgment for plaintiff, the defendant appeals. *Affirmed*.

*Carlos T. McCarty*, for appellant.

*J. T. Rogers*, for appellee.

Felt, J.—Action by the State of Indiana on the relation of Killion Hotz, hereinafter referred to as appellee, against appellant, John H. Norman, seeking to oust the latter from the office of road supervisor and to obtain the possession thereof.

The cause was tried by the court on an agreed statement of facts, and from a finding and judgment in favor of appellee this appeal was taken. The only error assigned is that the court erred in overruling appellant's motion for a new trial.

The facts are substantially as follows: On December 18, 1909, an election was held in road district, No. 1, Center township, Martin county, Indiana, to choose a road supervisor for said district. The election board was regularly organized and constituted, but the election was not held under the Australian ballot system. Appellee was a candidate at said election, and was eligible to hold the office of road supervisor. He received the greatest number of votes cast for any candidate, and was declared elected. At an election held in 1905, in compliance with the election law of 1905, relating to the election of road supervisors, appellant was regularly elected to the office in question, and entered on the discharge of his duties. He has possession of the property of the township for said road district, claims to be the legal incumbent of said office, and refuses to surrender said office and the property thereof, although demand therefor has been made on him by appellee. All the voters of said road district voted at the election of December 18, 1909, and the votes were counted as cast.

The only question at issue in this case is whether to entitle appellee to the office of road supervisor, said
1. election should have been held under the Australian ballot system.

Section 92 of the act of 1905 (Acts 1905 p. 567), relating to highways, made definite and special provision for the organization of election boards for the election of road supervisors and also stated that "the trustee shall provide paper for ballots and for the clerks in their count of such ballots", and designated the manner in which the votes should be counted and the result certified.

By §1 of an act of 1907 (Acts 1907 p. 371, §7761 Burns 1908) said §92 was amended, and all provisions relating to the manner of holding the election and certifying the result were omitted.

Section 6946 Burns 1908, Acts 1889 p. 157, provides, in substance, that when any township or county holds an election at a time other than the time of a general election, the same shall be held in conformity with the provisions of the general election law. This section, it will be observed, does not include elections held by a part of a township for the purpose of choosing a road supervisor. The amended statute relating to road supervisors provides that the qualified voters in each road district in the several townships shall biennially elect a supervisor on the second Saturday after the first Monday in December, but does not designate the manner in which such election shall be held.

It has been decided that the provisions of a statute expressly declaring particular acts to be essential to the validity of an election are mandatory and must be followed, but the case at bar by no means comes under that rule.

As a general proposition, it may be stated that where an election has been fairly and honestly conducted, it
2. will not thereafter be invalidated by mere irregularities which are not shown to have affected the result,

for in the absence of fraud or failure to follow positive statutory requirements relating to the merits of the election, courts generally give effect to election returns as certified by the election boards. *Parvin* v. *Wimberg* (1892), 130 Ind. 561, 30 N. E. 790, 15 L. R. A. 775, 30 Am. St. 254; *Irwin* v. *Lowe* (1883), 89 Ind. 540, 547; *Gass* v. *State, ex rel.* (1870), 34 Ind. 425, 429; 15 Cyc. 372.

It is also held that "all provisions of the election law are mandatory if enforcement is sought before election in a direct proceeding for that purpose; but after election, all should be held directory only, in support of the result, unless of a character to effect an obstruction to the free and intelligent casting of the vote, or to the ascertainment of the result, or unless the provisions affect an essential element of the election, or unless it is expressly declared by the statute that the particular act is essential to the validity of an election, or that its omission shall render it void." *Jones* v. *State, ex rel.* (1899), 153 Ind. 440, 451, 55 N. E. 229.

In the case at bar, there was a full and fair expression of the will of the voters, and the result is conceded to be in accordance with the will of the majority so expressed. On this state of facts, and especially in the absence of any specific statutory regulations as to the manner of holding the election, the courts have no authority or right to declare against the result so ascertained.

When a full, fair and honest expression of the voters was ascertained and certified in a manner agreeable to them at the time, under the existing law, appellee was clearly entitled to the office to which he was so elected.

Judgment affirmed.

NOTE.—Reported in 99 N. E. 812. See, also, under (1) 37 Cyc. (212); (3) 15 Cyc. 362. As to what irregularities will avoid elections, see 90 Am. St. 46.