## SCHAFER *v.* ORT.

[No. 26,024.   Filed August 25, 1931.]

*William Fruechtenicht,* for appellant.

*Lee J. Hartzell, Levi A. Todd* and *Claude Cline,* for appellee.

MARTIN, C. J.—Appellee, Ort, brought this action before the board of county commissioners of Allen County to contest the election, on November 4, 1930, of appellant, Schafer, who by the board of election officials had been declared elected as trustee of Milan Township, by a vote of 198 to 196. Recount commissioners appointed by the Allen Circuit Court, after examining all the ballots, declared that no legal ballot had been cast for said office, but the board of county commissioners decided in favor of Schafer and adversely to Ort, who thereupon appealed to the Allen Circuit Court.

The cause was tried in the circuit court December 16, 1930. On December 27, 1930, the court, pursuant to appellee's request, filed special findings of facts and conclusions of law. The court concluded (conclusion No. 31) that the law was with Ort, that Ort had received 186 votes and Schafer 185, and (conclusion No. 32) that Ort should be declared the duly elected trustee of Milan Township. Judgment was entered accordingly. On January 5, 1931, a motion for a new trial was filed. Judge Clarence McNabb, the newly elected judge of the circuit court, declined jurisdiction, and a special judge was appointed, to whom the cause was submitted on the motion for a new trial. He heard argument thereon, and overruled the motion.

The first error relied upon is that the court erred in each of its conclusions of law. We cannot determine this question because the appellant has not set out in his brief either the findings of fact or the conclusions of law except to refer to six of the conclusions and quote three of them, to which he "now raises particular objections."

The second alleged error (also attempted to be raised in the motion for a new trial) is that "Sol A. Wood, the trial judge had no jurisdiction to try this cause." This is based on the contention that, in December, 1930, on the date of the trial, Judge Wood's term of office as circuit judge had expired for the following reason: That Art. 7, §9, Constitution, set the term of of office of circuit judges at six years and that the Legislature by ch. 105, Acts 1925 p. 278 (amended by ch. 10, Acts 1929 p. 16) could not lawfully provide that the term of office of every such judge shall begin on the first day of January next succeeding his election, and that the term of office of all judges of circuit (and other) courts shall expire on December 31, next succeeding the election of their respective successors. There is no contention

that the Allen Circuit Court did not have jurisdiction over the parties and the subject-matter, and appellant, at the time of the trial, made no objection to Judge Wood sitting as the judge of the court. Appellant first presented his objection in his motion for a new trial. This was too late.

The third alleged error is the overruling of appellant's motion for a new trial. The motion for a new trial is not set out in the brief, nor is reference made to where it can be found in the transcript, but it may be assumed that it contains the reasons stated by appellant under the heading: "Errors relied upon." One of these is that the finding of the court is not sustained by sufficient evidence. We cannot determine this assignment because neither the findings nor a sufficient narration of the evidence is contained in the brief.

Error is alleged in admitting in evidence the ballots used at the election and the testimony of witnesses as to the writing of the name of a candidate on certain ballots. We cannot see, and appellant points out no reason, why such evidence was not proper.

The first proposition under the sixth subdivision of appellant's brief relates to the second alleged error which has already been discussed. The second proposition is that "there were no legal ballots cast in the election, for the reason that none of them were wholly *printed* as required by law and all contained distinguishing marks, for the reason that a line was drawn through one of the printed names and another name written thereon." The insufficiency of appellant's narration of the evidence has already been noted, but, from its inadequate presentation and from other parts of the brief, we gather the following facts: Louis Schafer is described as being the candidate of one political party for the office of township trustee of Milan Township at the 1930 election.

Nothing appears regarding his nomination or his right to have his name printed on the ballot, but, since no issue on this point was made below, we shall assume he was regularly nominated and entitled to be a candidate at the election. There was only one voting precinct in the township. Soon after the polls were opened, and after two votes were cast, it was found that Schafer's name was not printed on the ballot, but that in its place was printed the name of Thomas D. Blume. The election board (on the advice of the county clerk) then struck out the name of Blume from all the remaining ballots, wrote in its place the name of Schafer, and then proceeded with the election.

Appellant's contention here "that there were no legal ballots cast in the election" is quite inconsistent with his claim that he was lawfully elected, and while such contention, if sustained, would result in the reversal of the case, it would also result in the failure of either of the claimants to secure the office. We do not believe, however, that the apparently honest and good faith effort of all concerned has resulted in an illegal election.

The election law provides that "the names of the different candidates for said township offices shall be printed on separate ballots of a yellow color," etc. §§7583, 7478 Burns 1926. Other provisions of the law pertinent to the inquiry here follow: Section 7480 Burns 1926 provides: "in case of the death, removal or resignation of any candidate" and the filling of such vacancy by the political organization of which such candidate was a member, for "pasters containing only the name of such candidate" to be provided to the election board and put on each ticket by the polling clerks before they sign their initials thereon.

Section 7491 Burns 1926 provides what shall be done if the ballots are lost and that: "In case . . . there should be found no ballots or other necessary means or

contrivances for voting at the opening of the polls, it shall be the duty of the election board to secure the same as speedily as possible, and, if necessary, such board may have ballots printed."

Section 7524 Burns 1926, concerning distinguishing marks and the penalty for making the same, provides in part: "No inspector . . . shall deposit . . . any ballot on which appears externally any distinguishing mark. . . . If any inspector . . . or other person entrusted with the custody or control of any ballot . . . either before or after they have been voted, shall in any way mark, mutilate or deface any ballot, or place any distinguishing mark thereon, either for the purpose of identifying the same . . . or for the purpose of vitiating the same, he shall be guilty of a felony," etc.

It does not here appear that there was any recently filled vacancy for which pasters should have been printed as provided in §7480, *supra*, nor that the ballots were lost, which contingency is provided for in §7491, *supra*. There simply was an unexplained error, in that, on the ballots was printed the name "Thomas D. Blume" when it should have been Louis Schafer. We are confronted with the questions: (*First*) Are the provisions of §§7583, 7478, *supra*, concerning the printing of ballots, so mandatory and inflexible as to invalidate the election where the election officials took the steps they did here to make the election possible, and (*second*) did the correction of the ballots by the election board constitute the felonious placing of "distinguishing marks" thereon so as to invalidate them?

The action of the election board in striking out the name of Blume and writing in the name of Schafer on the ballots appears to have been in good faith, and was doubtless the simplest and best, and possibly the only, action they could have taken to make

the election possible. Before an election, statutory rules and regulations of the conduct thereof may be regarded as mandatory and their observance may be insisted upon and enforced. After an election, they must be regarded in a different light. "If the statute provides that certain things shall be done at a particular time or in a particular manner and does not declare that their performance shall be essential to the validity of an election, they will be regarded as mandatory if they affect the merits of the election and as directory only if they do not affect its merits." *Parvin* v. *Wimberg* (1892), 130 Ind. 561, 568, 30 N. E. 790, 15 L. R. A. 775, 30 Am. St. 254. The problem is to secure a free and untrammeled vote and a correct record and a return thereof, and a departure from the statute which does not deprive legal voters of their right to vote or permit illegal voters to participate in the election, or cast uncertainty on the result, does not affect the validity of the election. *Norman* v. *State, ex rel.* (1912), 51 Ind. App. 425, 99 N. E. 812; *Lafayette, etc., R. Co.* v. *Geiger* (1870), 34 Ind. 185, 230; 9 R. C. L. 1091; 20 C. J. 181.

The correction of the ballots by the election board was not in violation of §7524, *supra*, concerning distinguishing marks. No mark is shown to have been placed on any ballot externally, nor on any ballot "for the purpose of identifying the same . . . or vitiating the same."

Appellant contends that "Exhibits Nos. 8 and 9, the ballots of Tony Hamm and Walter Bruggeman respectively were erroneously excluded from the count." These were the two voters referred to in finding No. 2 as follows: "After the opening of the polls for said election, and after two voters of said township had appeared at said election place in said precinct and had cast their votes for township officers aforesaid, it was discovered by said election board that the name

of said Louis Schaefer did not appear upon said ballots."
These two ballots show, opposite the square containing
the "X" or voting mark, the name of "Thomas B. Blume"
in printing and the name of "Louis Schaefer" in writing,
"which writing was done by the voters and not by the
election board or at its direction." There is no authority
in law for the writing in of candidates names by the
voters (this case is not within the terms of §7521 Burns
1926 regarding paster ballots), but, on the contrary, the
law provides that a mark by a voter other than an "X"
on the voting square or circle shall be treated as a dis-
tinguishing mark. Even if the name of "Schaefer" had
been properly written in on these two ballots, there is no
positive indication, in the absence of any erasure of the
name of "Blume" that the votes were not for Blume.
Section 7497 Burns 1926 providing for the manner of
voting and marking ballots is as follows: "The voter
shall . . . indicate the candidates for whom he desires
to vote by making a cross, thus, X, on the square imme-
diately preceding their names. . . . A mark on the
ballot in violation of this provision shall be treated as a
distinguishing mark." Section 7526 Burns 1926 pro-
vides in part that: "Any ballot which shall bear any
distinguishing mark or mutilation shall be void, and
shall not be counted, and any ballot, or part of a ballot,
from which it is impossible to determine the electors
choice of candidate shall not be counted as to the candi-
dates or candidate affected thereby."

Appellant insists that Exhibit No. 5, which had the
name "Louis Lampe" (not Louis Schafer) written in,
should be counted for Schafer. The court found
"that, in the square opposite the name of the
office of township trustee appears the name
'Louis Lampe' written in ink and without any explana-
tion as to the appearance of said name on said ballot.
That, as a fact, there was at the time of said election a

party living in said township by the name of Louis Lampe." We can see no basis for appellant's claim that "the voter intended to mark the name 'Schafer,' which should have appeared thereon," and that such vote should have been counted for Schafer.

Judgment affirmed.