BLACK ET AL. *v.* SMITH.

[No. 26,546. Filed March 3, 1936.]

*Wallace, Randel & Wallace* and *Frank S. Rawley,* for appellants.

*Clay A. Phillips, William E. Littlefield* and *Paul R. Shafer,* for appellee.

FANSLER, J.—Appellant Freers and appellee Smith were rival candidates for the office of township trustee. Appellee received the highest number of votes on the official returns, and was certified as elected to the office. Appellant Black, as a voter of the township, brought this action to contest the election of appellee Smith, and made appellant Freers a party defendant, and alleged in his complaint that Freers had received a majority of all the legal votes cast and had been elected. Appellant Freers filed his petition to be made a party plaintiff, which was granted over the objection of appellee. Appellee demurred to the complaint for want of facts. The demurrer was sustained, and, appellants refusing to plead further, there was judgment for appellee. The only error assigned is upon the ruling on the demurrer.

The complaint alleges that appellant Freers received the majority of the total votes cast in precincts A and B; that appellee Smith received a majority of the votes cast in precinct C, and a majority of the votes cast in the township. The sole ground of illegality alleged is that the voters of precinct C did not sign their names to a poll list, and that no record known as a poll list was made or kept in precinct C. It is therefore alleged that the votes cast in that precinct are unlawful, and that they should not have been counted. There is no allegation of fraud, nor is it alleged that any of the persons whose votes were counted were not legal voters, or that any legal voter was prevented from voting. Section 32 of the Registration Law (Acts 1933, ch. 178, p. 901) provides that: "When any elector presents himself to vote at any general, primary or city election, he shall be required to sign his name and address on a record

to be kept by the election board, which shall be known as the voters' poll list. In case of doubt concerning any voter's identity, the election board shall compare such signature with the signature on the affidavit of registration and if found to be authentic such elector shall be permitted to vote. As soon as an elector has voted, the election board shall stamp, or otherwise mark, the affidavit of registration, in the space provided for that purpose, showing that the voter has voted at such election. No poll list, other than as hereinbefore provided in this section, shall be kept by the election board at any primary, general or city election. If any voter cannot sign his name and address, the clerks shall, by proper interrogation, satisfy themselves that the voter is the person he represents himself to be and one of the clerks shall thereupon sign the name of the voter on the poll list, adding the initials of such clerk, in parenthesis, thereafter or thereunder, and such voter shall thereupon be permitted to vote. If any member of the election board is not satisfied that any person who presents himself to vote is the person he represents himself to be, he may challenge the vote of such voter and such voter may thereupon be permitted to vote if he signs the affidavit required to be signed by voters who are challenged as provided by law."

It will be noted that the provisions of this section do not affect the registration of the voter, which is already completed. The poll list is not a record of the persons who have voted. It is signed before the voters cast their ballot, and may contain the names of persons who are challenged and not permitted to vote. The record of those who have voted is made by stamping the application of each voter in the registration book immediately after he has voted. It would seem that the poll list was intended to provide a means of identification by comparison of signatures, and that it adds nothing to the

total of the election records except the signatures of the voters.

The only question presented by this appeal is whether a failure of the election board to keep a poll list, and a failure of all the voters who voted to sign a poll list, will invalidate the election and make illegal all of the votes cast in the precinct, notwithstanding all of the voters were·qualified voters, and all of the votes cast otherwise legal and valid. It is said in *Jones* v. *State ex rel. Wilson* (1899), 153 Ind. 440, 451, 55 N. E. 229: "It is the duty of the courts to uphold the law by sustaining elections thereunder that have resulted in a full and fair expression of the public will, and, from the current of authority, the following may be stated as the approved rule: All provisions of the election law are mandatory if enforcement is sought before election in a direct proceeding for that purpose; but after election, all should be held directory only, in support of the result, unless of a character to effect an obstruction to the free and intelligent casting of the vote, or to the ascertainment of the result, or unless the provisions affect an essential element of the election, or unless it is expressly declared by the statute that the particular act is essential to the validity of an election, or that its omission shall render it void." This must be treated as the settled law of this state. *Schafer* v. *Ort* (1931), 202 Ind. 622, 177 N. E. 438; *State ex rel. Harry et al.* v. *Ice et al.* (1934), 207 Ind. 65, 191 N. E. 155; *Lumm* v. *Simpson* (1935), 207 Ind. 680, 194 N. E. 341.

It is not charged that illegal votes were cast and counted, or that legal voters were prevented from voting. If qualified voters, and qualified voters only, cast their ballots, the election must have resulted in a full and fair expression of the public will. A failure to keep a poll list could not have had the effect of obstructing the free and intelligent casting of the

vote by the qualified voters, or the ascertainment of the result of the vote, or any essential element of the election. Nor is it expressly declared by statute that the keeping of the poll list is essential to the validity of the election, or that its omission shall render it void.

The demurrer was properly sustained.

Judgment affirmed.